1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTORIO M. STEPHENS,                    )
                                          )
                    Plaintiff(s),         )        No. C 05-4972 TEH (PR)
                                          )
        vs.                               )        ORDER OF DISMISSAL WITH
                                          )        LEAVE TO AMEND
COUNTY OF SANTA CLARA, et al.,            )
                                          )
                    Defendant(s).         )
_____  )

Plaintiff, a prisoner at the Santa Clara County Jail in San Jose, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 claiming various violations of his federal rights.  He also claims violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

## DISCUSSION

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

To state a claim under Title II of the ADA, a plaintiff must allege four essential elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

B.      Legal Claims

Plaintiff alleges that he was injured while using the jail's physical therapy equipment on August 13, 2005 and that he was not provided medical attention until August 15, 2005.  Plaintiff also alleges that he has not been provided adequate medical care because he has been given incorrect medication and physician-prescribed items such as orthopedic shoes have been delayed at times. Plaintiff finally alleges that prison officials have not properly accommodated his "left-side paralysis-gait instability" and "muscle weakness" disability.

The Constitution requires that prison officials provide all inmates with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prison official violates this constitutional duty only if two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind.  Id. at 834.

In prison-conditions cases, the necessary state of mind is one of deliberate indifference.  See id.(inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).  A prison official cannot be held liable unless the standard for criminal recklessness is met, i.e., the official must know of and disregard an excessive risk to inmate health or safety.  Farmer, 511 U.S. at 837.  Neither negligence nor gross negligence will constitute deliberate indifference.  See id. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence).

Plaintiff's allegations state no more than a claim for negligence or medical malpractice not cognizable under § 1983.  He will nonetheless be provided an opportunity to amend and set forth additional facts possibly supporting a claim for deliberate indifference.  Plaintiff is reminded that he must also link each defendant to his allegations of wrongdoing.  Specifically, plaintiff must set forth facts showing how each named defendant actually and proximately caused the constitutional deprivations of which he complains.  See Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988).

Plaintiff's allegations do not state a cognizable claim under the ADA either.  They are simply too conclusory.  But again he will be afforded an opportunity to set forth additional facts possibly supporting a claim under the ADA.  See Thompson, 295 F.3d at 895 (setting forth required elements for an ADA claim).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to

file a proper amended complaint within the designated time will result in the
dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original
complaint and all other pleadings.  Claims and defendants not included in the
amended complaint will not be considered by the court.  See King v. Atiyeh, 814
F.2d 565, 567 (9th Cir. 1987).


SO ORDERED.


DATED: 03/06/06

THELTON E. HENDERSON
United States District Judge

4