E-filing **FILED**

MAY 0 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIO M. STEPHENS, | ) |
| Plaintiff(s), | ) No. C 05-4972 TEH (PR) |
| vs. | ) SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| COUNTY OF SANTA CLARA, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at the Santa Clara County Jail in San Jose, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 claiming various violations of his federal rights. He also claims violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). This Court previously dismissed Plaintiff's complaint with leave to amend on March 6, 2006 (docket no. 5).

On April 4, 2006, Plaintiff filed an amended complaint. However, in his amended complaint, Plaintiff failed to allege facts showing how each named defendant actually and proximately caused the constitutional deprivations of which he complains. Moreover, in the amended complaint, Plaintiff asserts that he does not know their "names and titles of certain medical and/or jail officials at this time, and they will be Does 1-20" until a later date. Because Plaintiff has not properly identified the parties he contends are liable for the conduct that violates his rights (and has not identified any conduct on the part of his "Doe" Defendants

1-20 at all), the complaint will again be dismissed with leave to amend. Plaintiff must comply with the directives in filing his second amended complaint.

## DISCUSSION

Although a plaintiff is not required to plead "specific factual details not ascertainable in advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions, *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976). A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). The failure to comply with Rule 8(e), requiring each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

In the earlier order of dismissal with leave to amend, this Court explained to Plaintiff the legal requirements to state a claim for deliberate indifference to medical needs under 42 U.S.C. § 1983 and under the Americans with Disabilities Act. Plaintiff has again stated a state law claim for negligence in the failure of certain jail officials to safely maintain the physical therapy equipment in his jail housing facility. Plaintiff has identified Defendants Padgett, Ferry and Wong with regard to this cause of action.

However, with regard to his federal claims, Plaintiff's factual allegations fail to state a claim for relief. Further, Plaintiff does not separately identify how

he contends different individual Defendants violated his rights under those statutes. In the first amended complaint, Plaintiff apparently seeks to raise claims regarding the deprivation of orthopedic shoes and devices and the failure to provide him with appropriate medical care after he suffered an injury on the physical therapy equipment. However, he does not identify when and how these claims arose and who was responsible for the violation of his rights. Plaintiff has again failed to properly stated a claim. As such, this Court will again dismiss the amended complaint. Plaintiff will be given one final opportunity to file an amended complaint that states a violation of his federal rights.

The second amended complaint need not be lengthy. In fact, Plaintiff would be better served by filing an amended complaint that includes short factual statements about when and how each claim arose, rather than the lengthy general allegations in his current complaint. He should also set forth allegations regarding each claim separately. For example, with regard to his claim regarding the denial of orthopedic shoes and a brace, Plaintiff must identify who prescribed such devices for him and who deprived him of them and on what date. Plaintiff has only made general statements that he saw certain doctors and later "was told he had to wear regular jail "foot sandals" because his shoes were unauthorized. See, First Amended Complaint at 8. Plaintiff's complaint does not identify who caused such a deprivation and how those actions violated his rights.

Similarly, in this Court's earlier order, the Court informed Plaintiff of the elements required to state a claim under the ADA. However, in the first amended complaint, Plaintiff does not state a claim under that act, although it appears that he is attempting to argue that the failure to provide recreational or physical therapy equipment in 2-B Special Housing Medical Unit violates the ADA. If Plaintiff wishes to assert such a claim, he must identify how certain actions by

3

specifically named Defendants violated that statute. Moreover, he must do more than simply state that "Defendants" or "officials" deprived him of that benefit. He must assert a specific claim, identify who violated his rights and how they did so.

At the very end of Plaintiff's complaint, he states that he will inform the Court later when he knows the identity of the Doe Defendants. However, Plaintiff has not properly alleged liability against any Doe Defendants. In fact, he has not mentioned any of them in the factual allegations in the complaint. This is not a proper manner of alleging liability against unknown defendants.

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should later be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

If Plaintiff wishes to pursue a claim against any such Defendants, he must name and number them separately and he must identify conduct by them in the amended complaint which gives rise to liability. In other words, Plaintiff must identify what the "Doe" defendants did that states a claim for relief. If there is more than one such defendant, he can identify them by number, ie, "John Doe 1", "Jane Doe 1", "John Doe 2", etc.

Although the use of Doe Defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using Doe

4

Defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the names of the unnamed Defendants and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants.

Moreover, if Plaintiff wants to include a municipality as a defendant, he must use care in attempting to allege municipal liability. A municipality can be a "person" subject to liability under § 1983 when its official policy or custom causes a constitutional tort, but a municipality has no vicarious liability for the unconstitutional acts of its employees under the theory of respondeat superior. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (to establish municipal liability based on an official policy or custom, plaintiff must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation). A municipality also may be liable for constitutional violations from its failure to supervise, monitor or train, but only where that failure amounts to deliberate indifference to the rights of persons with whom the municipality's employees come into contact. *See Canton v. Harris*, 489 U.S. 378, 388 (1989).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order

and the words SECOND AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: 5/5/06

THELTON E. HENDERSON
United States District Judge

and the words SECOND AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: 5/5/06

THELTON E. HENDERSON
United States District Judge