IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIO M. STEPHENS,<br><br>    Plaintiff(s),<br><br>vs.<br><br>CAPTAIN S. PADGET, A.D.A. COORDINATOR,<br><br>    Defendant(s). | No. C 05-4972 TEH (PR)<br><br>ORDER OF SERVICE |

    Plaintiff, a prisoner at the Santa Clara County Jail in San Jose, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 claiming a violations of his civil rights based on inadequate medical care. He also claims violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). This Court previously dismissed Plaintiff's complaint with leave to amend on two occasions. Plaintiff's second amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). Plaintiff seeks damages.

    In the two orders of dismissal with leave to amend, this Court explained to Plaintiff the legal requirements to state a claim for deliberate indifference to medical needs under 42 U.S.C. § 1983 and under the Americans with Disabilities Act. The Court notified Plaintiff that he was required to allege with specificity the acts of each named Defendant, individual or municipal, in order to state a

claim for relief and that claims and defendants not included in the amended complaint would not be considered.

In the second amended complaint, Plaintiff alleges that as a result of several strokes, he is disabled, in that he suffers from left side paralysis, gait instability and mobility impairment, requiring that he use certain medical devices in order to be able to perform basic life functions. He alleges that county jail officials have failed to provide him with adequate medical care in the form of access to physical therapy in the 2-B Special Housing Unit of the Santa Clara Jail, where he was placed as a result of his disabilities, after the physical therapy bench was removed on August 19, 2005. He alleges that their failure to replace this article has caused the "unnecessary and wanton infliction of pain" and that he has suffered additional muscle loss and bone damage, which may have led to permanent damage to his body.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

To state a claim under Title II of the ADA, a plaintiff must allege four essential elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v Davis, 295 F.3d 890, 895 (9th Cir 2002) .

B.  Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Liberally construed, Plaintiff's allegations that Defendant Padget has denied him necessary physical therapy states a cognizable § 1983 claim for deliberate indifference to serious medical needs and will be served.  See, e.g., Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (failure to provide system of access to adequate medical care, failure to provide medical staff competent to examine and diagnose inmates' problems and failure to treat problems or refer inmates to others who could, violated 8th Amendment). Plaintiff's complaint also appears to state a cognizable claim for relief under the ADA against Padget.  All other Defendants are DISMISSED from this action, as the Second Amended Complaint fails to set forth any allegations against them.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all

3

1  attachments thereto, and copies of this order on Defendant Captain S. Padget,
2  A.D.A. Coordinator at the Santa Clara County Jail.  The Clerk also shall serve a
3  copy of this order on Plaintiff and TERMINATE all other Defendants from this
4  action.
5       2.   In order to expedite the resolution of this case, the court orders as
6  follows:
7       a.   No later than 90 days from the date of this order, Defendants
8  shall file a motion for summary judgment or other dispositive motion.  A motion
9  for summary judgment shall be supported by adequate factual documentation and
10 shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
11 include as exhibits all records and incident reports stemming from the events at
12 issue.  If Defendants are of the opinion that this case cannot be resolved by
13 summary judgment or other dispositive motion, they shall so inform the court
14 prior to the date their motion is due.  All papers filed with the court shall be
15 served promptly on Plaintiff.
16      b.   Plaintiff's opposition to the dispositive motion shall be filed
17 with the court and served upon defendants no later than 30 days after defendants
18 serve plaintiff with the motion.
19      c.   Plaintiff is advised that a motion for summary judgment
20 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
21 case.  Rule 56 tells you what you must do in order to oppose a motion for
22 summary judgment.  Generally, summary judgment must be granted when there
23 is no genuine issue of material fact--that is, if there is no real dispute about any
24 fact that would affect the result of your case, the party who asked for summary
25 judgment is entitled to judgment as a matter of law, which will end your case.
26 When a party you are suing makes a motion for summary judgment that is

properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

   Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

   e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

 4. All communications by Plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5

1          5.       It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:   8/8/2007

                                THELTON E. HENDERSON
                                United States District Judge