IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTORIO M. STEPHENS,

        Plaintiff(s),

 vs.

CAPTAIN S. PADGET, A.D.A. COORDINATOR,

        Defendant(s).

No. C 05-4972 TEH (PR)

ORDER DIRECTING PLAINTIFF TO EFFECTUATE SERVICE

      Plaintiff, a prisoner incarcerated at the Santa Clara County Jail in San Jose, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 claiming violation of his civil rights based on inadequate medical care. He also claims violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). The Court previously dismissed Plaintiff's complaint with leave to amend on two occasions. On August 8, 2007, the Court issued an order of service of the second amended complaint on Defendant Captain S. Padget, A.D.A. Coordinator at the Santa Clara County Jail, and dismissed all other defendants from this action. On August 30, 2007, the summons as to Defendant Padget was returned unexecuted due to his retirement.

      In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other

grounds by <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."  <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, Plaintiff's second amended complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice.  <u>See</u> Fed. R. Civ. P. 4(m).  Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Padget; consequently, Plaintiff must remedy the situation or face dismissal of his complaint without prejudice.  <u>See</u> <u>Walker</u>, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, **within thirty (30) days** of the date this order is filed, Plaintiff must either (1) himself effect service on Defendant Padget; (2) provide the Court with an accurate current location such that the Marshal is able to effect service; or (3) file a motion requesting that the Court obtain a forwarding address under seal and direct service on Defendant Padget.  If Plaintiff fails to remedy the situation within that time, Plaintiff's claims against said defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED:   06/19/08

_____
THELTON E. HENDERSON
United States District Judge

2