IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIO M. STEPHENS,<br><br>    Plaintiff,<br><br>    v<br><br>CAPTAIN S. PADGET, A.D.A.<br>Coordinator,<br><br>    Defendant. | No. C-05-4972 TEH (PR)<br><br>ORDER OF DISMISSAL DUE TO DEATH OF DEFENDANT<br><br>(Doc. # 22) |

I

On December 1, 2005, Plaintiff, a prisoner incarcerated at that time in the Santa Clara County Jail in San Jose, California, filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("A.D.A."), claiming violations of his civil rights based on inadequate medical care. The court previously dismissed Plaintiff's Complaint with leave to amend on two occasions.

On August 8, 2007, the court issued an Order of Service of the Second Amended Complaint on Defendant Captain S. Padget, A.D.A.

Coordinator at the Santa Clara County Jail, and dismissed all other Defendants from this action.  On August 30, 2007, the summons for Defendant Padget was returned unexecuted due to his retirement.  Thereafter, the court ordered Plaintiff to provide a service address within thirty (30) days or Defendant Padget would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On July 21, 2008, Plaintiff filed a motion informing the Court that he had determined that Defendant Padget, the sole remaining defendant in this action, was deceased, and requesting an extension of time to determine whether a personal representative or a "successor in interest" could be served in lieu of Defendant Padget.  Since that time, Plaintiff has failed to file anything with the court indicating that he has located a successor to Defendant Padget for purposes of service.

On January 23, 2009, the court granted Plaintiff thirty days to notify the court he had located a successor to Defendant Padget for purposes of service, and notified Plaintiff that failure to do so would result in dismissal without prejudice of Defendant Padget pursuant to Federal Rule of Civil Procedure 4(m).

On February 26, 2009, Plaintiff filed a Motion to Amend Action Renaming Defendant.  Doc. # 22.  In his motion, Plaintiff acknowledges the death of Defendant S. Padget and seeks to dismiss his as a Defendant in the action.  Doc. # 22 at 1.  Plaintiff also seeks to "name the 'current' American with Disabilities Coordinator of the Santa Clara County Jail 'Main Jail North' located in San

2

Jose, California as the sole Defendant in [the] Amended Complaint." Id. at 2.  Plaintiff then explains he is presently unable to determine the name of the current A.D.A. Coordinator, and seeks the court's permission "to use the 'successor in interest' professional title until[] Plaintiff can determine the true and correct personal name of the Santa Clara County Main Jail North A.D.A. Coordinator." Id.

## II

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, Plaintiff seeks to substitute for former Santa Clara County Jail Main Jail North A.D.A. Coordinator S. Padget the person who presently holds that position.  But Plaintiff cannot show that the current A.D.A. Coordinator proximately caused the deprivation of

3

1  a federally protected right Plaintiff allegedly suffered well over
2  three years ago.  The court therefore DENIES Plaintiff's Motion to
3  Amend Action Renaming Defendant (Doc. # 22).

4                                    III

5         When a party dies and the claim is not extinguished by
6  applicable substantive law, the court may order substitution of the
7  deceased party with the proper legal representative.  Fed. R. Civ.
8  P. 25(a)(1); Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir.
9  1996).  Any party to the action or the deceased party's successors
10 must file a "statement noting death" and must serve it in the same
11 manner as a motion to substitute parties.  Fed. R. Civ. P. 25(a)(3);
12 see Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).  The filing
13 of the "statement noting death" commences the running of a 90 day
14 limitations period for substitution of the deceased party.  Fed. R.
15 Civ. P. 25(a)(1); see Barlow, 39 F.3d at 233-34.  If the motion for
16 substitution is not made within the 90 day limitation period, the
17 action by or against the decedent "must be dismissed."  Fed. R. Civ.
18 P. 25(a)(1).

19        Here, Plaintiff notified the court of Defendant Padget's
20 death on July 21, 2008.  Under Federal Rule of Civil Procedure
21 25(a)(1), Plaintiff had 90 days from that date to move to substitute
22 Defendant Padget's successor in interest.  To date, Plaintiff has
23 neither identified a successor or representative of the deceased
24 Defendant nor moved to substitute parties.  Under these
25 circumstances, the court will not keep this matter open.
26 //
27
28                                    4

**IV**

For the foregoing reasons, the court hereby DISMISSES Defendant S. Padget as a Defendant in this action, DENIES Plaintiff's Motion to Amend Action Renaming Defendant (Doc. # 22), and DISMISSES Plaintiff's Second Amended Complaint (Doc. # 1).

The clerk is directed to terminate any pending motions as moot and to close the file.

IT IS SO ORDERED.

DATED   03/06/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.05\Stephens-05-4972-dismiss.wpd